### THE CITY OF HILLSBORO v. R. F. IVEY.

#### No. 56.

**1. Municipal Corporation — Liability for Nuisance.** — A city ordinance provided that. " It shall be the duty of the marshal to cause the removal and burial, at the expense of the city, of all carcasses of dead animals the owner or person in charge of which can not be ascertained." *Held*, that this confided the manner of the performance of this duty to the marshal, and the city would be responsible in damages for his negligent performance thereof in depositing such carcasses so near a private residence as to create a nuisance thereby.

**2. Same—Charge of Court.**—See the opinion for a charge of court held to correctly submit to the jury the liability of a municipal corporation in damages for a nuisance caused by its city marshal depositing dead animals near a residence.

**3. Special Charge Correctly Refused, when.**—Where the court had not charged at all as to the liability of the defendant city on the ground that it had ratified the acts of its agent, it was not error to refuse an instruction asked by defendant limiting the doctrine of ratification.

APPEAL from Hill.   Tried below before Hon. J. M. HALL.

*G. T. Jones* and *D. Derden*, for appellant.— 1.   Plaintiff's petition failed to show a cause of action.   The ordinance set up therein in no way directs or controls the marshal as to the manner or place of burial of the carcasses, and the city is not responsible for his wrongful act in depositing them at a place not designated by the city council.   Corsicana v. White, 57 Texas, 382; Keller v. Corpus Christi, 50 Texas, 614; 2 Dill. on Mun. Corp., 980, 977, 950, and art. 971; 1 Sedg. on Dam., 39; Peck v. Austin, 22 Texas, 261; Boone on Corp., 297 (10).

2.   The charge of the court failed to present to the jury the law and the issues made by the pleadings and evidence.   Sayles' Civ. Stats., art. 1317, and notes; Willis v. Whitsitt, 67 Texas, 673; Cannon v. Cannon, 66 Texas, 682.

*McKinnon & Carlton*, for appellee.—The city was liable in damages for the nuisance negligently caused by its officer acting under its ordinance; and the cause of action was sufficiently stated in plaintiff's petition.   Fort Worth v. Crawford, 74 Texas, 404; Galveston v. Posnainsky, 62 Texas, 118; Hamilton County v. Garrett, 62 Texas, 602; Fort Worth v. Craw-

ford, 64 Texas, 202; Bounds v. Kirven, 63 Texas, 159; Railway v. Fuller, 63 Texas, 467; Const., art. 1, sec. 17; Rev. Stats., art. 416; Wood on Nuis., secs. 471–473; Dallas v. Ross, 2 Ct. App. C. C., sec. 279.

HEAD, ASSOCIATE JUSTICE.—Appellee is a municipal corporation, organized under the laws of the State of Texas, and adopted the following ordinance:

"It shall be the duty of the marshal to cause the removal and burial, at the expense of the city, of all carcasses of dead animals, the owner or person in charge of which can not be ascertained."

In the month of February, 1888, the city marshal, in pursuance of this ordinance, had removed a large number of dead animals from one place in the city, where they had become offensive, to a point about 380 yards southeast of appellee's house, where they became exceedingly offensive to appellee and his family, and could be smelled for a long distance even beyond appellee's house. The marshal, upon several occasions after the first deposit, made other deposits of dead animals at the same place, which added somewhat to the offensive odor. Two attempts were made by the marshal to burn these carcasses, the first of which, being ineffectual, only added to the nuisance. These deposits were made at this place by permission of the agent of the owner of the land, who was also an alderman of the city, and who had previously tendered the land to the city council for this purpose, which was accepted by it. The agent, however, imposed as a condition that the animals should be burned or destroyed, and not buried thereon.

Appellee made complaint of the nuisance before bringing his suit, both to the marshal and mayor of the city, and some of the deposits were made after these notices, and even after the filing of plaintiff's petition. To recover for the damages sustained by himself and wife for the nuisance thus created and maintained by authority of the city, appellee instituted this suit, and recovered judgment in the sum of $287.50, from which this appeal is prosecuted.

Appellant's first and second assignments of error complain of the action of the court in overruling its exceptions to plaintiff's second amended original petition. We are of opinion that this assignment is not well taken. The petition, as we think, very clearly sets forth a cause of action against appellant, under repeated decisions of our Supreme Court. City of Fort Worth v. Crawford, 74 Texas, 404; City of Fort Worth v. Crawford, 64 Texas, 202; Langham v. City of Sherman, 13 S. W. Rep., 1042.

Appellant's fourth assignment of error is as follows: "The court erred in instructing the jury in the first part of the court's charge as follows:

. . .

'If you believe from the evidence that the defendant, by an ordinance passed by the council of defendant, duly and legally assembled as such, ordered the city marshal to remove the bodies of dead animals beyond the limits of the city, and shall further believe that the city marshal, acting under such ordinance, for the purpose of promoting and protecting the sanitary condition of said city, wrongfully and negligently caused the carcasses of dead animals to be removed beyond the limits of said city and placed so near the house of said plaintiff as to create a stench, which injured and damaged plaintiff as alleged in the petition, then you will find for the plaintiff as damages such sum as you may under the evidence believe plaintiff entitled to recover, not to exceed the sum of $2000, and so say by your verdict.'     This part of the charge is vague, wrong, and indefinite, and calculated to mislead the jury; for, according to the allegations in plaintiff's petition, the damage to plaintiff, if any, arose from the carcasses alleged to have been deposited at a designated point southeast of plaintiff's house, the city ordinance introduced in evidence forbidding such deposit within 400 yards of a private house.     But under the charge of the court the jury might find a verdict for plaintiff on account of any other offensive deposits made or caused to be made by defendant's officers or agents near the house, even though in violation of the city ordinances; nor is this feature remedied in any other portion of the charge. Under such a charge, also, the jury might find against defendant if private parties hauled carcasses there in violation of the city ordinances, provided especially if the jury believe them influenced in so doing by the acts or words of any officer, agent, or servant of the city; ·or the jury might find against the defendant even though they believe the acts charged to have been done by a police officer or other officer for whose acts, under such an ordinance, the defendant would not be liable, and that though the city council had no notice of the acts, and though the marshal or other officer was acting under a general ordinance of the city, which left the manner of the performance of his duty under it to his own discretion, as seems to appear from the evidence in this cause, and not under an ordinance which made it compulsory upon him to do the acts in the manner, time, and place as charged in the petition.''

We think a careful reading of the charge quoted in this assignment will show that it is not subject to any of the valid objections made to it in the argument also contained in the assignment.     The objection that the charge authorized a recovery for the nuisance caused by carcasses placed near the house of appellee, but not in an exact southeastern direction therefrom, we regard as hypercritical.     We do not understand the averment as to the direction the carcasses were deposited from appellee's house as necessary to be proven with the exactness indicated by the opinion of counsel as disclosed in this assignment.     Also, we do not think

the charge subject to the objection that it authorized a recovery for damage caused by carcasses deposited by others than the marshal acting under an ordinance of the city.

We are also of opinion that if the city, by its ordinance, left the place and manner of depositing to the marshal, it would be responsible for a negligent performance of the duties thus conferred upon him. The ordinance of the city which appellant complains of as having prohibited the deposit in less than 400 yards of any private residence relates entirely to the acts of private parties, and is as follows: "It shall not be lawful for any person or persons in this city to allow or permit any horse or other animal owned or controlled or kept by him, her, or them, and which has come to its death by disease or otherwise, to lie or remain upon any street, alley, square, or other ground, public or private, but such person or persons shall cause the carcasses of such animal or animals to be securely buried or taken outside the corporate limits of this city and deposited not less than 400 yards from any private residence." It will thus be seen that while private parties were prohibited from making such deposits in a less distance than 400 yards of private residences, there was no limit placed upon the power of the city and its officers in this respect by the ordinance quoted in the conclusions of fact.

Appellant's sixth assignment of error complains of the action of the court in refusing to give a special charge requested by it, to the effect that appellant could not be held liable for the alleged ratification of the acts of others without a full knowledge of the facts in the premises. An examination of the court's charge will show that the question of ratification was not submitted to the jury at all, and under the charge as given, the jury were only authorized to find in favor of appellee in case they found that appellant was guilty of negligence in the first instance in causing the nuisance. Under these circumstances, we are of opinion that no injury could have resulted to appellant from the refusal to give this requested charge, even though there may have been evidence on the subject of ratification by it. Defendant may have been liable upon two grounds, yet only one ground of liability was submitted to the jury, and they were carefully instructed not to find against appellant unless they found the facts creating the liability upon this ground.

Appellant's seventh assignment of error complains of the action of the court in refusing to give a special charge requested by it, to the effect that it was incumbent upon plaintiff to prove negligence on the part of the city of Hillsboro. As indicated above, we are of opinion that if the city council by ordinance confided the manner of performance of this duty to the city marshal, it would be responsible for his negligent performance of such duty, and this phase of negligence was repeatedly submitted to the jury in the charge given by the court.

What we have already said sufficiently shows that we are of opinion that the court did not err in overruling appellant's motion for a new trial, as complained of in its eighth and tenth assignments of error.

Upon the whole case, we are of opinion that the judgment of the court below should be in all things affirmed, and it is so ordered.

*Affirmed.*

Delivered December 20, 1892.