## J. F. FAULKENBURY ET AL. V. W. F. WELLS ET AL.

### Decided March 22, 1902.

**1.—Community Property—Damages—Parties—Charge.**

Where W. sued for damages caused to himself and family by the operation of a cotton gin near their residence, and upon his death, pending suit, the wife and children made themselves plaintiffs, the wife claiming damages in her own right, and she and the children claiming as heirs of W. for injuries to him in his lifetime, error of the court, if any there was, in overruling a demurrer urging a misjoinder of plaintiffs and causes of action was cured by a charge limiting recovery to the damages sustained by W. and his wife in his lifetime, and which were community property recoverable by the wife and children after his death.

**2.—Nuisance—Operating Cotton Gin—Charge.**

Where the charge instructed that the business of operating a cotton gin was lawful and not necessarily a nuisance, but might become so when conducted in such close proximity to a private residence as to materially interfere with the comforts of such residence as a home, and that if defendants in operating the gin created and generated noise, dust, and smoke which were carried into plaintiffs' residence so as to interfere with the comfortable enjoyment of the home, and plaintiffs were thereby subjected to annoyance and discomfort, they were entitled to recover, such charge did not authorize the jury to find the gin to be a nuisance from the mere fact of its proximity to the residence, but authorized a recovery only in case the jury found that the gin as located and operated constituted a nuisance.

**3.—Same—Expense of Removal—Abating.**

Since defendants could not be permitted to maintain the nuisance sought to be abated merely because it would be expensive to them to remove it, evidence offered by them to show it would cost $1000 to remove the gin plant was properly excluded.

**4.—Same—Equitable Relief—Injunction—Acquiescence—Laches.**

Plaintiff's failure to protest against the erection of the gin near his residence, and his failure to complain of it as a nuisance until it had been operated for two annual seasons and sold to defendants, was not such conduct and laches as would prevent a court of equity from affording him relief by injunction restraining its operation as a nuisance where he did nothing to encourage its erection or its purchase by defendants, and it is not shown that he knew when it was being erected what conditions and results would attend its operation.

**5.—Same—Injury to Value—Abating.**

Where the desirability of residence property is affected by a nuisance, the value of the property as well as its rental value is necessarily impaired, and since the injury is not entirely personal to the occupant, the landlord as well as the tenant is entitled to have the nuisance abated.

Appeal from Johnson.  Trial below before Hon. William Poindexter.

*Ramsey & Odell,* for appellants.

*L. B. Davis* and *Adams & Truelove,* for appellees.

TEMPLETON, ASSOCIATE JUSTICE.—W. F. Wells brought this suit against Faulkenbury Bros. to recover damages alleged to have been sustained by him and his family by reason of the maintenance and operation by the defendants of a cotton gin on a lot owned by them adjoining the lot of plaintiff and occupied by him and his family as a resi-

dence, and praying for an injunction restraining the operation of the gin. Wells died and his wife and children made themselves plaintiffs, the wife claiming damages in her own right in the sum of $2000, and she and the other plaintiffs jointly claiming damages in the sum of $2000, as the heirs of Wells, for injuries alleged to have been sustained by Wells in his lifetime by reason of the operation of the gin. The defendants demurred to the petition on the ground that there was a misjoinder of parties plaintiff and of causes of action, which demurrers were overruled. If there was error in this respect it was cured by the charge of the court, which limited the plaintiffs' recovery to the damages sustained by Wells and wife in his lifetime. Such damages were community property of Wells and wife and might have been recovered in the suit brought by him, and after his death were recoverable by his wife and children. A trial resulted in a judgment for the plaintiffs for $200 damages and in a decree restraining the further operation of the gin.

The court instructed the jury that the business in which defendants were engaged was lawful and not necessarily a nuisance; but might become so when conducted in such close proximity to a private residence as to materially interfere with the comforts of such residence as a home. The jury was further instructed that if the defendants in the operation of the gin created and generated noise, dust, lint, or smoke, and that the same was carried into the house of Wells, and were calculated to and did, in material respects, interfere with Wells and his family in the comfortable enjoyments of their home, and that they were thereby subjected to the annoyances and discomforts alleged, then the plaintiffs were entitled to recover the damages sustained by Wells and wife in his lifetime. Appellants complain of these charges on the ground that they authorize the jury to find the gin to be a nuisance from the mere fact of its proximity to the Wells residence. The complaint is without merit. The charges, considered together, clearly negative the constructions contended for by appellants, and authorized a recovery by the plaintiffs only in case the jury found that the gin, as located, constructed, and operated, constituted a nuisance. The charges given by the court rendered unnecessary the giving of additional instructions in regard to the right of appellants to pursue the business sought to be enjoined.

Appellants offered to prove that it would cost them about $1000 to move their plant to another location. The proposed testimony was excluded. This ruling of the court was correct. If the gin was a nuisance, appellees were entitled to have it abated. Appellants can not be permitted to maintain a nuisance because it would be expensive to them to remove it. High on Injunc., sec. 746.

It is contended by appellants that appellees are not entitled to injunction because Wells acquiesced in the building of the gin by Sweeney and the purchase thereof by Faulkenbury Bros. The gin was built by Sweeney in 1896 and sold by him to appellants in 1898. Sweeney operated the gin in person for part of the season of 1896-1897, and by

his lessee, Wilson, for the season of ·1897-1898. Wells knew that Sweeney was building the gin and made no protest. He first began complaining of the gin as a nuisance soon after the purchase by appellants and, after fruitless negotiations, finally instituted this suit. Sweeney never consulted Wells in regard to building the gin. Appellants did not confer with him about their purchase, and the evidence fails to show that he knew that they contemplated buying the property. It is not shown that Wells knew, when the gin was being built, what conditions or results would attend or follow from the operation of the gin. He did nothing whatever to encourage the construction of the plant by Sweeney or the purchase thereof by appellants. The doctrine of acquiescence, invoked by appellants, is stated by Mr. High in this language: "Long continued acquiescence in the erection of works which it is afterwards sought to enjoin as a nuisance may constitute a bar to relief in equity. And it may be asserted as a rule that long delay upon the part of plaintiff who seeks to enjoin a nuisance will afford sufficient reason for refusing him relief in equity. The rule is extended even further, and it is held that one party may so encourage another in the erection of what he afterwards complains of as a nuisance, as to give the adverse party a right to invoke the aid of equity to restrain proceedings at law for the recovery of damages resulting from the alleged nuisance." High on Injunc., sec. 756. And in section 786 he says: "He who seeks relief against a nuisance must show due diligence in the assertion of his rights; and when complainant has been guilty of great laches, or has allowed defendant for a long period to continue in the erection of his obnoxious structure at great expense and without molestation, equity will not interfere. * * * It is difficult to fix any precise period of delay as fatal to complainant's right to relief against the nuisance, but when defendant has for more than twenty years carried on his trade without molestation, and proves a good prima facie title by proscription, equity will not interfere, but will leave the parties to seek their remedy at law. It has been frequently held that when the works complained of had been allowed to stand three years and upward it was such laches as would prevent relief in equity. But it is held that no acquiescence short of twenty years adverse user will bar plaintiff from his right to relief by injunction against a nuisance, unless he is estopped by some act or conduct which has induced defendant to incur expense or take action upon the strength of such conduct."

The doctrine appears to be generally recognized throughout the United States, but does not seem to have been applied in Texas. In Richardson v. Salt Company, 49 Southwestern Reporter, 647, it was held that the rule did not apply in an action to enjoin a public nuisance which affected the complainant as an individual. Without determining the application and limitations of the rule in this State, we will say that in our opinion this case does not fall within the rule. Wells did not delay making complaint and filing suit for such an unreasonable time as to indicate acquiescence on his part in the construction and operation of

the gin. He was not guilty of "great laches." Sweeney did not consult his wishes or interest in building nor did appellants in buying. He did not, by his conduct, induce Sweeney to build or appellants to buy. They did not rely on any act of his in making their investment. Beyond question, he was not barred of his legal remedy, and he has not been guilty of such conduct as will prevent a court of equity, in good conscience, from affording him relief by injunction.

It was shown that some time after the death of Wells his widow went to live with one of her married children, and that the old homestead was rented to tenants who occupied the premises at the time of the trial. No issue concerning this matter, or as to whether the existence of the nuisance affected the value of the property or diminished the rental value, was submitted to the jury. Appellants contend that appellees are not entitled to injunction, because the nuisance affects only the occupants of the residence and not the property. The verdict establishes the fact that the operation of the gin in such close proximity to the residence is a nuisance for the reason that it interferes materially with the comfortable enjoyment of the premises as a family dwelling place. The property in its present condition is adapted to use only as a private residence. A nuisance which destroys or seriously impairs its desirability as a place of residence necessarily affects its value, and also its rental value, as a residence. Therefore the injury done by the nuisance is not entirely personal to the occupant of the premises, but reaches to and harms the owner. The landlord, as well as the tenant, is concerned in having a nuisance of the character established by the verdict abated, and the trial court did not err in so holding.

Appellants complain of the action of the court in submitting to the jury a special issue as to whether appellants could, by constructing a plank fence between the gin and the residence, avoid the injury complained of by the plaintiffs. The question was answered in the negative. We think that the finding of the jury is sustained by the evidence. Much of the smoke, dust, and lint complained of came from pipes extending through the roof of the gin. It could not be excluded from the premises of appellees by erecting a fence of the kind proposed. No method of abating the nuisance except by the erection of such a fence being suggested, the granting of an injunction was necessary and proper.

The judgment is affirmed.

*Affirmed.*