HARTY et al. v. GUERRA et al.    (No. 8642.)

(Court of Civil Appeals of Texas. Galveston. Feb. 19, 1925.)

**1. Nuisance ⪪50(1)—Damages for depreciation of property properly denied, where nuisance could be abated.**

Where there was no evidence showing fair compensation for nuisance, and alleged injuries were not permanent, but could be abated entirely, and defendants were insolvent, damages were properly denied, as estimated depreciation of value of property so injured is not proper measure of damages.

**2. Nuisance ⪪3(3) — Maintenance of tenements in residence district enjoined as nuisance.**

Where defendants cut up their dwelling house and stable, in residential section of city, into small rooms, housing as many as 50 Mexican peons, who kept premises in unsanitary condition, housed cattle and fowls thereon, dumped large quantities of noisome offal in alley, and at all hours indulged in noises which made nights hideous, such acts and conditions will be enjoined as a nuisance.

Appeal from District Court, Matagorda County; M. S. Munson, Judge.

Action by Mrs. Rosa Miriam Harty and another against Benito Guerra and others. Judgment for defendants, and plaintiffs appeal. Reversed and rendered.

W. S. Holman, of Bay City, for appellants.

GRAVES, J. This is an appeal from a judgment of the trial court refusing appellants a recovery against appellees either on their cause of action for damages for the maintenance of conditions which they alleged amounted to a nuisance or upon their prayer for an abatement thereof.

The appellees did not answer the suit in the trial court, nor have they appeared upon appeal. The case was heard below by the trial judge, sitting without a jury, upon the pleadings and evidence adduced by the appellants. It was shown that appellants owned and had their residence upon lots 7 and 8 in block 82 in the town of Bay City, Tex., fronting 100 feet on Avenue F, and running back between parallel lines 140 feet to a 20-foot alleyway, and that adjoining their property on the south the appellees owned and maintained their home upon lot 9 of the same block, fronting 50 feet on Avenue F, and running back 140 feet to the same alleyway.

[1] As to the claim for damages, we think the record shows it was properly denied, in that there was no evidence showing what would have been a fair compensation to appellants for having been deprived of the comfortable enjoyment of their property up to the time of the trial by the maintenance of the conditions of which they complained, but merely certain testimony tending to show that, if these conditions were continued permanently, a depreciation in the value of their property to the extent of some $7,500 would result. It was otherwise shown, however, that the injuries alleged were not of a permanent character, but could be abated entirely by the discontinuance of the practices which brought them about, and in such case the estimated depreciation in the value of the property injured by a nuisance is not

the proper measure of damage to the aggrieved party. Hockaday v. Wortham, 22 Tex. Civ. App. 419, 54 S. W. 1094. Furthermore, it was both alleged and shown that appellees were wholly insolvent, owning no other property than their homestead, and that a judgment for damages against them in any amount would afford the opposing litigants no relief.

[2] As concerns the cause of action for injunction, however, we think, under the uncontroverted state of both pleadings and proof, the trial court erred in not according appellants a measure of the relief they sought, that is, in not requiring the abatement of so much of the complained of conditions as constituted a nuisance as to them. They neither had any vested right to a continuance on this adjoining property of precisely the same uses, practices, and methods of living that obtained there prior to their erection of the costly improvements upon their own lots, as they assert, nor could they absolutely prevent the operation thereon of a boarding house, tenement, or restaurant, irrespective of the manner in which that might be done, because such uses in the circumstances prevailing in the town would not have amounted to a nuisance per se; but they clearly were entitled to enjoin such use by their neighbors of the adjoining lot and common alley as created a nuisance toward them in the effort to enjoy and live comfortably upon their own property. To that feature of the case they made we now come.

It was shown that the block on which the two adjoining properties were located was situated in the midst of the white residential section of Bay City, appellees' lot and building being south of appellants', the direction from which come the prevailing winds for the greater part of the year; that appellees had cut both their dwelling house and stable up into small rooms or tenements in which at times as many as 45 or 50 Mexicans of the peon type were permitted to live, a restaurant or public eating place also being maintained upon the premises; that this large number of such people lived upon this small lot in an unsanitary and well-nigh uncivilized manner, keeping with them thereon many hogs, dogs, cats, and fowls, and that they caused to be habitually dumped upon it—sometimes in the alley as well—such quantities of the offal and excrement of the people, animals, and fowls thereon, of waste water from washtubs, and of decaying food and other filth, as to cause insects of many sorts, mice, rats, stenches, and foul odors, attracted thereby and arising therefrom, to so reach and be brought into the alley and upon the premises of appellants as to deprive them of the comfortable enjoyment of their residence; that in addition these large numbers of such people were in the habit of keeping many fires on this small lot, constantly doing their cooking both inside and outside of the houses, never paying any attention to putting the fires out, and so operating them thereon as to materially increase the fire hazard to appellants and their improvements; that they further constantly carried on and permitted to occur, practically throughout the whole of the night, such a din of noises from musical instruments, singing, wood chopping, the barking of dogs, crowing of chickens, and other performances as to make the usual and customary hours of the nights for slumber in that neighborhood so hideous that appellants were continually being deprived of necessary rest and sleep, and were at times forced to leave their home to obtain it.

The acts and conditions just particularized undoubtedly, we think, under our authorities, amounted to the maintenance of such a nuisance toward them as appellants were entitled to have enjoined. Burditt v. Swenson, 17 Tex. 490, 67 Am. Dec. 665; Faulkenbury v. Wells, 28 Tex. Civ. App. 621, 68 S. W. 327; Hall v. Carter (Tex. Civ. App.) 157 S. W. 461; Hockaday v. Wortham, 22 Tex. Civ. App. 419, 54 S. W. 1094; Lewis v. Berney (Tex. Civ. App.) 230 S. W. 248; Moore v. Coleman (Tex. Civ. App.) 185 S. W. 936.

The cause having been fully developed, and the facts all uncontroverted, the trial court's judgment will be reversed, and this court's judgment will issue enjoining and prohibiting the appellees from longer doing, causing, or permitting the acts, conditions, and practices so enumerated and adjudged to constitute a nuisance. This order is, of course, not to be interpreted as prohibiting the indulgence in music or the cutting of wood upon the premises at reasonable hours and in such a manner as not reasonably to interfere with the rights of appellants.

Reversed and rendered.