## CITY OF CORSICANA v. ALBRITTON et ux. (No. 818.)

Court of Civil Appeals of Texas. Waco. Sept. 19, 1929.

Rehearing Denied Oct. 17, 1929.

364

Wayne R. Howell, of Corsicana, for appellant.

Callicutt & Upchurch, of Corsicana, for appellees.

BARCUS, J. The material facts in this case are undisputed. Appellees own and oc-cupy as their suburban homestead 50 acres of highly improved land, about half of which lies in the city of Corsicana. Several years after appellees began the occupancy of said property as their homestead, appellant purchased 25 acres of land south of said tract, on which it established its mule barn, storage house, and dump grounds. Shortly after appellant began using its land as a dump ground, this suit was instituted by appellees to restrain appellant from so using said land.

About 5 acres of appellant's land is used exclusively for the purpose of a dump ground. Appellant has 6 trash wagons, which it uses constantly, hauling from 12 to 15 loads per day of trash and rubbish, consisting of green grass, papers, rags, trimmings from shrubbery, and such things as are usually placed in trash cans at private residences in a city of 15,000 inhabitants. This trash was piled in large rows and late in the afternoon of each day burned. The smoke arising from the burning of the trash was dense and had a very unpleasant and unwholesome smell. When the wind was from the south, which the record shows was the prevailing wind, the smoke would almost completely hide and cover appellees' house each evening, and did very seriously annoy, worry, inconvenience, and damage them in the use and enjoyment of their home.

Appellees in their petition asked for an injunction restraining appellant from using said ground as a dump ground, and for damages which they had suffered by reason of the inconvenience and discomfort they had suffered in the use of their home since the dump ground was established, and asked for damages for the depreciation in value of their home by reason of said dump ground having been established.

The cause was submitted to a jury on special issues, and resulted in a judgment being rendered for appellees for $500 for damages they had suffered in the comfortable enjoyment of their home by reason of the maintenance of the dump ground since it was established up to the time of the trial; and a permanent injunction restraining appellant from operating its dump ground or continuing the nuisance resulting in damages to appellees as the same had been maintained and operated since it was installed.

Appellant has briefed five assignments of error, presenting thereunder six separate propositions. Under its first proposition appellant complains of the charge of the court dealing with the burden of proof, its contention being that the court should have instructed the jury specifically that the burden was on appellees to prove by a preponderance of the evidence that the conditions complained of by them in connection with appellant's dump ground were proximately caused by appellant, without the aid of any concurring or contributing causes. The trial court in

its instructions told the jury that, in considering the question of whether the dump ground was a nuisance, they should exclude from their determination all of the acts of other parties and all of the refuse, filth, or trash thrown on Post Oak creek or contiguous to the dumping ground by other parties, and also that they should exclude from their consideration the maintenance by the city of its barn and all other structures and buildings on said land; and then charged the jury that the burden of proof was on appellees to establish the issue as to whether the dumping ground did constitute a nuisance, and whether they had been damaged in the enjoyment and use of their home. The jury found that the land of appellees had not been permanently damaged, and found that appellees had suffered $500 damages in the comfortable enjoyment of their home. No question is raised about the evidence abundantly supporting the judgment for $500; in fact, appellant, under proposition No. 4, states that the $500 damage which the jury awarded appellees was so inconsequential that it would not justify the court in requiring appellant to remove its dump ground. We do not think the charge, taken as a whole, is subject to the criticism made by appellant. Texas & P. Ry. Co. v. O'Mahoney (Tex. Civ. App.) 50 S. W. 1049.

By its second and third propositions, appellant complains of the action of the trial court in rendering judgment for a permanent injunction, prohibiting it from maintaining the dump ground as same had been prior thereto maintained, rather than rendering judgment for damages, since the jury found the nuisance was permanent. These propositions are overruled. While it is true in a certain class of cases a party can only recover damages when the nuisance is of such a permanent character that it cannot be removed or abated, or when the injured party seeks only such relief, this case does not come within any of these classes. The trial court instructed the jury that: "A nuisance is that which from its nature and character, manner and method of operation, produces such a condition as will disturb one in the possession of his property, rendering its ordinary use and occupation physically uncomfortable and annoying to him or his family occupying the same, or which reduces the reasonable market value of said property." Based on said definition, the jury found that the dump ground, as it was being maintained and operated by the city, constituted a nuisance. The court then instructed the jury that: "A permanent nuisance is one which from the very nature of the thing itself will create a continuous nuisance, as above defined, or will cause the nuisance to recur at frequent intervals."

Based on said additional instruction, the jury found that the nuisance as same was being and had been maintained by the city was a permanent nuisance. No objection is made by the parties to the definitions as given. Whether the same are correct is not necessary for us to, and we do not, determine. Our courts have held that a city, like a private individual, can be enjoined from maintaining a nuisance. City of Marlin v. Criswell (Tex. Civ. App.) 293 S. W. 910 (error refused), and authorities there cited. In answer to a special issue submitted at the request of appellant, the jury found that appellant, by the expenditure of a reasonable amount of money and labor, could remove its dumping ground and thereby abate, stop, and prevent the continuance of the condition complained of by appellees. This being true, the rule that the injured party is relegated to his damages by reason of a permanent nuisance, rather than have the nuisance abated, has no application. Unquestionably, under the testimony, the nuisance complained of, in so far as it deprives appellees of the comfortable enjoyment of their home, will be permanent so long as the dump ground is maintained as it is now maintained by appellant. Under the finding of the jury, however, the nuisance can be by appellant, at a reasonable cost, abated. Under this state of facts, it was not error for the trial court to grant the injunction restraining appellant from maintaining its dump ground as it was and had been maintained. Brewster v. City of Forney (Tex. Com. App.) 223 S. W. 175; Baugh v. T. & N. O. Ry. Co., 80 Tex. 56, 15 S. W. 587; Faulkenbury v. Wells, 28 Tex. Civ. App. 621, 68 S. W. 327.

By its fourth proposition appellant seeks to invoke the doctrine of balancing equities, its contention being that the damage of $500, which the jury found appellees had suffered in the comfortable enjoyment of their home, was so insignificant and inconsequential, as compared to the cost of removing the dump ground, that the court should not have granted the injunction, but should have relegated appellees to their damages which they might suffer from time to time. The jury found that appellant could by the expenditure of a reasonable amount of money and labor abate the nuisance complained of by appellees, and this finding is not challenged. We do not think, under the facts in this case, appellant is entitled to invoke the doctrine of balancing equities.

By its fifth proposition appellant complains of the action of the trial court in permitting appellees to read to the jury their amended petition after the trial court had sustained a number of special exceptions thereto. The record does not show that the excluded portions of the pleadings were read to the jury. Neither does it appear that there was any harm done or occasioned appellant by the reading of the pleadings, if same were in fact read to the jury. Said proposition is overruled.

By its sixth and last proposition appellant contends that the special issue submitted by the trial court at the request of appel-

lees was duplicitous, in that said issue asked the jury whether the maintenance by the city of its dump ground had produced a condition such as disturbed or annoyed appellees in the possession of their property or rendered its use and occupation as a homestead uncomfortable, or had produced such condition as to reduce the reasonable market value of same. The issue as framed is almost in the identical language as that embraced by the trial court in its definition to the jury of what constituted a nuisance, to which there was no objection, and the jury, based on said definition, found in answer to special issue 1 that the maintenance by appellant of its dumping ground constituted a nuisance. Special issue No. 10 was nothing more or less than a repetition of special issue No. 1, when read in connection with the court's definition of a nuisance. If it could be said there was error in submitting said issue, same is harmless, in view of the answer the jury made to the other issues submitted. The undisputed facts in this case show that the burning of trash and débris by appellant, in the manner and way it was being burned, constituted a nuisance, and the jury having found that same could by a reasonable expenditure of money be abated and discontinued, no other judgment, based on said facts and findings of the jury, should have been entered than that which the court did enter.

The judgment of the trial court is affirmed.