Betty (Minyard) STEIN, Appellant,

v.

**HIGHLAND PARK INDEPENDENT SCHOOL DISTRICT et al.,**
Appellees.

No. 8384.

Court of Civil Appeals of Texas,
Texarkana.

Aug. 3, 1976.

Rehearing Denied Aug. 31, 1976.

Betty (Minyard) Stein, pro se.

Richard E. Gray, Jr., Thompson, Knight, Simmons & Bullion, Dallas, for appellees.

## OPINION

CORNELIUS, Justice.

Appellant, Betty (Minyard) Stein, filed suit against the Highland Park Independent School District and its trustees individually for the abatement of, and to recover damages resulting from, a nuisance. Appellant pleaded that the nuisance arose from the improper construction and maintenance of an addition to a high school building directly across the street from an apartment complex she owned and operated. She alleged that the addition was constructed so its main entrance was located only thirty-nine (39') feet from her property, although the applicable zoning ordinances prescribed that a distance of at least fifty (50') feet should be maintained;[1] that a parking area was maintained in front of the entrance utilizing all available parking space; that the close proximity and nature of the building's design resulted in continuing and repeated trespasses by students and others upon her property; that she and her property were subject to constant harassment by students, noise, the scattering of debris, and other repeated interferences with her use and enjoyment and her tenants' use and enjoyment of the property; and that such acts constituted a continuing nuisance which had substantially damaged her property.

Appellees filed a motion for summary judgment which contended they were entitled to judgment as a matter of law. The motion was based upon assertions that appellees were protected from the alleged liability by the doctrine of governmental immunity, that appellant's action was barred by limitations, and that appellees owed no duty to appellant. The trial court sustained the motion and rendered judgment that appellant take nothing.

1. The School District obtained a zoning permit as a variance from the usual zoning requirements.

The appeal presents thirteen points of error. They are not prepared in conformity with the rules, but in the interest of justice have been considered. The most significant complaint is that summary judgment was not proper.

Appellees' motion for summary judgment was not supported by affidavits, but was directed solely to the sufficiency of appellant's pleadings to state an enforceable claim. In ruling upon such a motion, the court must take as true every allegation of the pleadings against which the motion is directed. If the pleadings, when liberally construed, allege material facts sufficient to entitle the pleader to the judgment sought, the motion for summary judgment should be denied. 4 McDonald's, Texas Civil Practice, Sec. 17.26.8.

Independent school districts are of the same general character as municipal corporations—that is, they are quasi-municipal corporations. *Love v. City of Dallas*, 120 Tex. 351, 40 S.W.2d 20 (1931); 51 Tex. Jur.2d, Schools, Sec. 6, p. 283. As such they are protected by the doctrine of governmental immunity from liability for torts arising from their performance of governmental functions, except in certain limited instances, not applicable here, where that immunity has been waived by the provisions of the Texas Tort Claims Act.[2] See *Braun v. Trustees of Victoria Independent School Dist.*, 114 S.W.2d 947 (Tex.Civ.App. San Antonio 1938, writ ref'd). But there is a recognized exception to the rule of governmental immunity for municipal and quasi-municipal corporations. It does not shield such entities from liability arising out of the creation or maintenance of a nuisance. *Gotcher v. City of Farmersville*, 137 Tex. 12, 151 S.W.2d 565 (1941); *City of Corsicana v. Albritton*, 20 S.W.2d 363 (Tex. Civ.App. Waco 1929, writ ref'd); *Wiggins v. City of Fort Worth*, 299 S.W. 468 (Tex.Civ. App. Fort Worth 1927, no writ); *City of*

*Haskell v. Webb*, 140 S.W. 127 (Tex.Civ. App. Fort Worth 1911, no writ); *Donovan v. Royall*, 63 S.W. 1054 (Tex.Civ.App.1901, writ ref'd); 40 Tex.Jur.2d, Municipal Corp., Sec. 630, p. 316. A municipal corporation has no more right to create or maintain a nuisance than does a private person. *City of Ennis v. Gilder*, 74 S.W. 585 (Tex.Civ. App.1903, writ ref'd); 40 Tex.Jur.2d, Municipal Corp., Sec. 630, p. 317. To constitute a nuisance coming within the exception, however, the condition must in some way constitute an unlawful invasion of the property or the rights of others. *Gotcher v. City of Farmersville*, supra; *Braun v. Trustees of Victoria Independent School Dist.*, supra. And, it has been said that the invasion of those rights must be inherent in the thing or condition itself, beyond that arising merely from its negligent or improper use. *Jones v. City of Dallas*, 451 S.W.2d 271 (Tex.Civ.App. Dallas 1970, no writ); *Steele v. City of El Paso*, 417 S.W.2d 923 (Tex.Civ.App. El Paso 1967, writ ref'd n. r. e.); *Parson v. Texas City*, 259 S.W.2d 333 (Tex.Civ.App. Fort Worth 1953, writ ref'd).

Texas cases have applied the nuisance concept of liability to municipal corporations in the maintenance of dumping grounds[3] and in the construction and maintenance of a sewer.[4] We have found no Texas case imposing such liability on a school district, but the decision in *Braun v. Trustees of Victoria Independent School Dist.*, supra, and the authorities there cited indicate that liability may be imposed when the requisite type of nuisance is alleged and proven. The majority rule in the United States also supports that view. See Annotation, 33 A.L.R.3rd, p. 759. The cases of *Kriener v. Turkey Valley Community School Dist.*, 212 N.W.2d 526 (S.Ct. Iowa 1973), *Waymon v. Board of Education*, 5 Ohio St.2d 248, 215 N.E.2d 394 (1966) and *Ness v. Independent School Dist. of Sioux City*, 298 N.W. 855 (S.Ct. Iowa 1941), ap-

2. Tex.Rev.Civ.Stat.Ann., art. 6252–19.

3. See *City of Fort Worth v. Crawford*, 74 Tex. 404, 12 S.W. 52 (1889); *City of Hillsboro v. Ivey*, 20 S.W. 1012 (Tex.Civ.App.1892, no writ);

and *City of Bowie v. Hill*, 258 S.W. 568 (Tex. Civ.App. Fort Worth 1923, writ dism'd).

4. See *Lindsay v. City of Sherman*, 36 S.W. 1019 (Tex.Civ.App.1896, no writ).

plied the rule of liability to school districts in the maintenance of a sewage disposal facility, a school parking lot, and a school playground, respectively. The conditions alleged to have constituted a nuisance in *Ness,* supra, are remarkably similar to those alleged by appellant in this suit.

 It will not be easy at the trial for appellant to make proof sufficient to bring her case within the exception to the rule of immunity. But she has pleaded facts sufficient to constitute a cause of action for the type of nuisance coming within the exception, and we cannot say as a matter of law that she will not be able to support such allegations. A material issue of fact was therefore made concerning the applicability of the rule of governmental immunity, and summary judgment was improper unless appellant's claim is defeated by some other overriding defense. In that respect, appellees also asserted the defense of limitations, based upon the fact that the school building was constructed more than two years prior to the filing of appellant's suit. A suit for nuisance is governed by the two year statute of limitations. 41 Tex.Jur.2d, Nuisances, Sec. 78, p. 656. But here appellant alleged a continuing nuisance, praying for abatement as well as for damages. Limitations is not a defense to an action to abate a continuing nuisance. *City of Dallas v. Early,* 281 S.W. 883 (Tex.Civ.App. Dallas 1926, writ dism'd); *International & G. N. Ry. Co. v. Davis,* 29 S.W. 483 (Tex.Civ.App.1895, writ ref'd); 41 Tex.Jur.2d, Nuisances, Sec. 69, p. 640. Nor would appellant be barred from recovery of damages for injuries suffered during the two years immediately prior to the filing of her suit. Appellees' other defense was that it owed no duty to appellant or, in the alternative, that appellant's pleadings showed there had been no breach of any duty. As has already been noted, even municipal corporations and school districts owe the duty to use and occupy their property so as not to unlawfully invade the rights or property of others. This is a duty recognized by law, and for the breach of which the law will afford a remedy. Whether or not such duty has been breached in this case was not a matter for determination by summary judgment. For the reasons stated, it was error to grant the motion for summary judgment as to the school district.

 Appellant also sued the school trustees in their individual capacity. It is settled that such persons are not liable for acts done within the scope of their duty unless they acted maliciously or from corrupt motives. 51 Tex.Jur.2d, Schools, Sec. 6, p. 283. A careful examination of appellant's pleadings convinces us that no facts are alleged which would support a conclusion that the trustees acted in such a manner. Summary judgment that appellant take nothing against the trustees in their individual capacities was therefore proper.

The judgment, insofar as it decrees that appellant take nothing against the trustees individually, is affirmed. Insofar as it decrees that appellant take nothing against the school district, it is reversed and appellant's suit against such district is remanded for trial. Tex.R.Civ.P. 434. Appellant's other points have been carefully considered, and as it is concluded that they reveal no reversible error, they are respectfully overruled.