# KANSAS CITY, Appellant, v. METROPOLITAN STREET RAILWAY COMPANY.

### Division Two, April 23, 1901.

**Appeals:** JURISDICTION. Judgment was for defendant, and the amount of plaintiff's demand was $4,371.95 and costs, nothing being said in the petition about interest. *Held,* that "the amount in dispute" is less than $4,500, and hence, under the Act of 1901, the appeal must be transferred to the proper court of appeals.

Appeal from Jackson Circuit Court.—*Hon J. H. Slover,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*R. B. Middlebrook, W. S. Cowherd* and *R. J. Ingraham* for appellant.

*Frank Hagerman* for respondent.

BURGESS, J.—This is an action by plaintiff to recover of defendant the sum of $4,371.95, the amount paid by plaintiff in satisfaction of a judgment recovered against it by W. S. Haniford for the sum of $3,500, in March, 1887, for personal injuries, alleged to have been occasioned by his falling into an excavation in the street, charged to have been made by defendant company while constructing its cable railway under a franchise by which it agreed to hold the city harmless from all dam-

ages caused by such construction. The petition asks for judgment for the sum of $4,371.95, and for costs.

The defenses were a general denial; that the proceedings in Haniford's case were *res adjudicata,* and that the city negligently failed to prepare a proper record for an appeal, by reason of which the judgment in Haniford's favor was affirmed.

A trial in the court below resulted in a judgment for defendant, from which plaintiff appeals.

The first question with which we are confronted is with respect to the jurisdiction of the Supreme Court, of this appeal. At the last session of the General Assembly of this State an act was passed entitled "An Act to amend article 2, chapter 14, of the Revised Statutes, by adding a new section to be numbered 1649a, relating to the jurisdiction of the Courts of Appeals," which took effect March 20, 1901, by which it is provided, that "The St. Louis Court of Appeals and the Kansas City Court of Appeals shall have jurisdiction of appeals and writs of error in all cases where the amount in dispute exclusive of costs shall not exceed the sum of four thousand five hundred dollars," and, the question is, does the case at bar come within the provisions of that act. The petition alleges, "That this plaintiff has been compelled to pay the said W. S. Haniford the amount of said judgment in full, principal and interest, amounting to the sum of $4,308.50, on the — day of September, 1891, and plaintiff was also compelled on said day to pay the sum of $63.45 as costs in said suit; that although the City of Kansas, and thereby this plaintiff, was primarily liable to said Haniford, yet this, the defendant, the Metropolitan Street Railway Company, is responsible and liable over to the plaintiff in the full amount of said judgment, interest and costs, so recovered as aforesaid. Wherefore, plaintiff asks judgment against defendant in the sum of $4,371.95, and costs." There is not one word said in the petition with respect to interest on the amount

after its payment by plaintiff, nor is judgment asked for anything more than that amount, but is asked for precisely the same sum.　Now, suppose defendant had tendered in court the amount sued for, and for which judgment is asked in the petition, with costs of suit up to that time, and plaintiff had refused to accept it, will it be contended that it could have recovered judgment against defendant for anything more?　Here, both the amount in dispute and the sum demanded are the same, a specific sum, less than $4,500.　And as the claim presented is the measure of the jurisdiction of this court of this appeal, we are of the opinion that it is without jurisdiction.

We have examined with care the authorities cited by plaintiff in its brief upon this question, to-wit, May v. Mortg. Tr. Co., 138 Mo. 447; Kerr v. Simmons, 82 Mo. 273; and Anchor Milling Co. v. Walsh, 97 Mo. 288, and are of the opinion that they are not in conflict with the views which we have expressed.　The case is transferred to the Kansas City Court of Appeals.

*Sherwood, P. J.,* and *Gantt, J.,* concur.