## BRAUN et al. v. TRUSTEES OF VICTORIA INDEPENDENT SCHOOL DIST.

### No. 10258.

Court of Civil Appeals of Texas. San Antonio.

March 3, 1938.

Rehearing Denied March 30, 1938.

C. C. Carsner and J. W. Ragsdale, both of Victoria, for appellant.

Linebaugh & Guittard and Crain, Vandenberge & Stofer, all of Victoria, for appellee.

MURRAY, Justice.

Otto Braun, for himself, individually, and as next friend for his minor daughter, Helen Braun, instituted this suit against the board of trustees of the Victoria Independent School District to recover damages for personal injuries alleged to have been suffered by Helen Braun while in attendance as a student at the Victoria public school, known as the Mitchell School, and operated by the school trustees.

The petition reads in part as follows:

"Fourth. That on or about the 30th day of November, A. D. 1936, the said Helen Braun, then a minor of tender age and immature judgment, was in attendance upon the public schools, operated by the Board of Trustees of the Victoria Independent School District, and was on the said date aforesaid in attendance as was her duty and obligation and as she was bound to do under the laws of the State of Texas, at the public school known as the Mitchell School belonging to the school system operated by the Board of Trustees of The Victoria Independent School District, and on or about said date or on said date while so in attendance upon said Mitchell School and during school hours at approximately 2 o'clock p. m. and during the afternoon recess, the said Helen Braun was standing on the buttress to the left side of the front steps or the West side of the front steps of the Mitchell School building, together with two or three other of her girl schoolmates, a small boy who also attended the said Mitchell School and who was on the front steps of said school building, fell against or was pushed against the said Helen Braun, and caused the said Helen Braun to fall backward off the said buttress into and upon the waxleaf ligustrum tree which had been planted near and underneath said buttress by the permission and consent of the Board of Trustees of The Victoria Independent School District, and at their direction and by their agents, employees and servants and should the plaintiff be mistaken in this, then they herein allege that said ligustrum tree was planted with the permission and consent of the Board of Trustees of the Victoria Independent School District, or after being planted there was negligently and knowingly permitted to remain there.

"Fifth. That prior to the 30th day of November, A. D. 1936, and the accident alleged in the preceding paragraph, the ligustrum had been (trimmed) or pared by the agents, employees and servants of the Board of Trustees of the Victoria Independent School District, or if not by the agents, servants and employees of the Board of Trustees of the Victoria Independent School District, then said ligustrum tree had been negligently pared and pruned by some person with the consent of the Board of Trustees of the Victoria Independent School District in such a manner as to leave a number of limbs or branches of said ligustrum tree, immediately underneath and near the buttress of the west side of the front steps of the Mitchell School, and said pruning and paring was so negligently done as to leave many sharp pointed limbs and branches near and immediately underneath said buttress, said limbs and branches resembling spears and daggers, easily apparent and visible and known to exist by the Board of Trustees of The Victoria Independent School District and their respective members, their teachers, agents, employees and servants, and/or could and should have been known by them by the exercise of ordinary care; that the limbs and branches of a ligustrum tree are exceedingly stiff, unyielding, and approach nearly the stiff and unyielding characteristics of metal as near as any shrub or plant or tree; that condition of said ligustrum tree, with its branches and limbs, was known to the Board of Trustees of the Victoria Independent School District, and to the respective members thereof and to its teachers, agents, employees and servants and could and should have been known to them by the exercise of ordinary care; that said condition of said tree had been permitted and allowed to exist over a period of several months prior to November 30th, A. D. 1936; that the children of the Mitchell School habitually walked upon and stood upon the buttresses to the front steps of the school building, and custom of the children to walk upon and stand upon said buttresses was well known

to the Board of Trustees of the Victoria Independent School District, its respective members, its teachers, agents, employees and servants, and the children had not been forbidden or warned not to walk upon or stand on said buttresses, that the buttresses and litgustrum tree in close proximity thereto had been erected by the Board of Trustees of the Victoria Independent School District; that the buttresses were so constructed as to excite the interest and curiosity of children of immature age and judgment, such as Helen Braun, the minor plaintiff herein, and other children of her age, who attended said Mitchell School, and said buttresses as they were constructed in proximity to the playgrounds and front steps of said building was an open invitation held out by the Board of Trustees of the Victoria Independent School District to the children attending said school to stand upon, walk on and play around said buttresses; that said buttresses were calculated to attract and did attract children of said school to so walk upon and stand on and play around said buttresses and the permitting of the planting of the ligustrum tree and/or permitting it to remain there, and the pruning thereof as above described, created and established or permitted to be created and established by the Board of Trustees of the Victoria Independent School District, a hazardous and dangerous condition upon the school grounds of the Mitchell School and the Board of Trustees of the Victoria Independent School District; that in negligently permitting the buttresses to stand and the ligustrum tree to be planted and pruned so as to leave the sharp, stiff, limbs and branches with sharpened ends projecting immediately beneath the buttresses as above described, constituted negligence on the part of the Board of Trustees of the Victoria Independent School District, its respective members, teachers, agents, employees and servants; that such negligence was the proximate cause of the injury and damage hereinafter complained of; that said buttresses and ligustrum tree constituted a hazard and nuisance, erected or permitted by the Board of Trustees of the Victoria Independent School District.

"Sixth. That the planting of the ligustrum tree, and/or permitting it to remain there after it was planted and the pruning of the same and/or permitting it to remain there after having been pruned was a violation of their duties to protect the children attending said school from such dangers and hazards thereby created, and the planting of the ligustrum tree, and/or permitting it to remain there and the pruning of the same and/or permitting it to remain there after having been pruned were each and all acts done by the Board of Trustees of the Victoria Independent School District in their propriatory and/or private capacity for the benefit and delight of the individual members of the Board of Trustees of the Victoria Independent School District and the pleasure and satisfaction of the local citizens of the City of Victoria and the inhabitants of said school district and though within their powers, the same were not required of the Board of Trustees of the Victoria Independent School District by law as agent of the State in the exercise of a strictly governmental function for the interest of the public at large."

The trial court sustained a general demurrer to the petition and appellant, refusing to amend, dismissed the cause. Otto Braun, in his individual and representative capacity, has appealed.

The first question here presented is whether or not the board of trustees of an independent school district can be sued at all when the cause sounds in tort. There can be no question but that an independent school district is an agency of the state, and, while exercising governmental functions, is not answerable for its negligence in a suit sounding in tort. City of Galveston v. Posnainsky, 62 Tex. 118, 125, 50 Am.Rep. 517; Gartman v. City of McAllen, Tex.Com.App., 107 S.W.2d 879; City of McAllen v. Gartman, Tex.Civ. App., 81 S.W.2d 147. However, if such a district may properly exercise proprietary acts, and while exercising such proprietary acts is guilty of a tort, the district may be required to answer in damages for such tort. City of Fort Worth v. Wiggins, Tex.Com.App., 5 S.W.2d 761; Wiggins v. City of Ft. Worth, Tex.Civ.App., 299 S.W. 468; Scroggins v. City of Harlingen, Tex.Sup., 112 S.W.2d 1035.

The conducting of public schools is in our opinion the exercise of a governmental power. Public schools are conducted for the benefit of the entire state by a governmental agency and it matters not whether such schools are conducted by the trustees of a common school district or

trustees of an independent district. It is not a function undertaken for the private advantage and benefit of the locality and its inhabitants. Our Constitution provides and declares, article 7, § 1: "A general diffusion of knowledge being essential to the preservation of the liberties and rights of the people, it shall be the duty of the Legislature of the State to establish and make suitable provision for the support and maintenance of an efficient system of public free schools."

By this declaration in the Constitution the matter of public education is made a governmental function and cannot be regarded as a matter of local benefit only. This is true not only with regard to conducting class rooms and other purely educational matters, but equally true with reference to incidental matters such as caring for school grounds.

When the employees of the Victoria Independent School District planted the ligustrum tree near and under the buttress on the left side of the front steps of the Mitchell School building and when they pruned and trimmed the tree they were engaged in a governmental function and had not turned aside from the main purpose of such school and become engaged in a proprietary function of local interest only. If we have schools, we must have school buildings and school grounds and it is nothing but natural that those conducting schools would like to beautify the school grounds by planting trees and shrubs and we are unwilling to hold that when they do so they have abandoned their main purpose of furthering education in the state.

Schools are not conducted for profit. They are supported by tax money. Education is not of local interest, but is statewide. The state is interested as much in one child's education as another's, and it matters not in what locality it resides. If a school district might be sued for every injury suffered by every child resulting from the negligence of its employees, all available funds might be consumed in paying damages and none be left with which to conduct the school.

Appellant attempts to compare an independent school district with a city or town and cites cases involving the liability of cities and towns. There is quite a distinction between a school district and a city or town. Cities and towns exercise a dual function, to wit, governmental and proprietary, while a school district is purely a governmental agency and exercises only such powers as are delegated to it by the state. It performs no proprietary functions which are separate and independent of its governmental powers. In this respect it is more readily comparable to a county, which is not held answerable for its negligence in an action sounding in tort. In Harris County v. Gerhart, 115 Tex. 449, 283 S.W. 139, 140, it was held that a county was not liable for personal injuries arising from the negligent construction and maintenance of a public road. The court said: "Neither does the constitution nor the statutes authorize a recovery against a county for damages to the health of persons on account of the construction or maintenance of a public road. On another trial the issue of damages for sickness of defendants in error should be eliminated."

It occurs to us that the rule above stated with reference to counties should also be applied to school districts.

In the case of McVey v. City of Houston, 273 S.W. 313, the Galveston Court of Civil Appeals held that even where a city had taken over its schools, no cause of action would lie either against the school trustees or the city for an injury sustained by a pupil attending school resulting from negligence in not keeping the school building in proper repair. In this opinion the authorities in many other states are discussed and it would add nothing for us to repeat here this discussion. Appellant attempts to distinguish his case from the McVey Case by stating that his case is a nuisance case and not a negligence case. In passing upon the liability of an independent school district for personal injuries suffered by a pupil in attendance upon a free public school, no distinction can be made between nuisance and negligence. What is the difference in alleging that the agents of the school district were negligent in maintaining the ligustrum tree under all the circumstances and in alleging that under all the circumstances the ligustrum tree was a nuisance and that the agents of the school were negligent in maintaining and not abating the nuisance? The question of a nuisance becomes relevant when, by the maintenance of a nuisance, private property or property rights have been involved.

In 56 Corpus Juris p. 530, we find the following:

"Inasmuch as school districts and other local school organizations are agencies or instrumentalities of the state, and considered as corporations, are public or quasi-municipal in character, is the generally accepted rule, although there is some authority to the contrary, that such a district, or its directing board, as such, like other municipalities and the state itself, is not liable for injuries or loss resulting from its negligence, as for a failure properly to construct a school building or to keep it in repair, or to maintain the school premises or equipment in a proper or safe condition, or to furnish safe and suitable means of conveyance for the transportation of pupils to and from school, or safely operate such conveyance, except where liability is imposed by statute; and a statute merely authorizing the bringing of actions against a district or conferring upon it power to be sued does not abrogate its immunity from liability for negligence. The district is, however, liable for a trespass upon private property, committed in the improper exercise of its lawful functions, and for injuries resulting from any such trespass; and where its acts or omissions result in the creation of a nuisance the district is liable to persons suffering special damage therefrom."

It is clear that the last sentence is intended to refer to special injury to property or property rights and not to personal injuries of a pupil attending our free public schools. The authorities cited in support of the above text further show this last sentence to refer to property and property rights.

In addition to what we have above decided, we are of the opinion that the ligustrum tree under all the circumstances was not of such inherent danger as to be regarded in law as a nuisance, and this case presents nothing more than a negligence case. Calling the freshly pruned ligustrum tree a nuisance does not make this a different suit than if appellant had simply alleged negligence in the maintenance of the ligustrum tree.

An independent school district is nothing more than an agency of the government selected to assist in the governmental function of furthering education within the state. Such district is not responsible for the negligent injury of a pupil in attendance upon school by its agents, employees, or trustees while engaged in their duties of furthering education.

The general demurrer was properly sustained and the cause was properly dismissed upon appellants' refusal to amend.

The judgment of dismissal is affirmed.