**Joe W. MAYES, Appellant,**

v.

**CITY OF WICHITA FALLS, Appellee.**

No. 16734.

Court of Civil Appeals of Texas.

Fort Worth.

May 20, 1966.

Rehearing Denied June 17, 1966.

Mock, Banner, McIntosh & Wells, and Jack G. Banner, Wichita Falls, for appellant.

H. P. Hodge, Jr., City Atty., and Bill E. Gowan, Wichita Falls, for appellee.

## OPINION

MASSEY, Chief Justice.

This is a case where plaintiff brought suit against a municipality premised upon tort liability, and where the municipality advanced the defense that the negligence of its agent (by reason of which plaintiff sought to impose liability) was committed in the exercise of a governmental rather than a proprietary function.

The trial court rendered judgment of non-liability upon it being positively established that the tort was committed pursuant to the discharge of a governmental function, although this ruling was made after a full trial and after the jury had returned a verdict in which every special issue was answered in accord with plaintiff's contentions, and the amount of damages found. Plaintiff appealed.

We affirm.

Plaintiff-appellant Joe W. Mayes brought suit individually and in behalf of the survivors of Donald Mayes, deceased, against the City of Wichita Falls. Donald Mayes was killed as the result of a collision between the automobile in which he was a passenger and an unmarked automobile of the Police Department of the City of Wichita Falls, ordinarily used by plain-clothes detectives and not in the course of the policing of traffic but which was being so used at the time of the collision. The officer driving the automobile in a high-speed chase of a third person on the city streets of Wichita Falls, without a siren or other sound, sign or symbol which would warn innocent bystanders of the vehicle's approach, was undoubtedly exercising poor judgment in undertaking the chase of a suspect under the circumstances existent at the time, and there seems little question but that he was negligent as found by the jury.

A single point of error is presented by plaintiff-appellant. It reads: "The Trial Court erred in mistakenly applying the theory of Governmental Immunity so as to bar Appellants' recovery on the Jury Verdict, and by entering Judgment Non Obstante Veredicto for the City of Wichita Falls." Thereunder it is contended that under the undisputed facts and evidence the case should be held to be one wherein the Doctrine of Municipal Immunity should be held inapplicable for three enumerated reasons. They are listed as: "A. A municipality is liable for inherently dangerous conduct, whether governmental or proprietary in nature; B. A municipality is liable for the failure to use due care in

properly selecting and/or equipping its automobiles; and, C. A municipality is liable when it breaches its non-delegable duty to properly instruct and/or supervise its employees in the performance of their duties."

Assuming that the act of the police officer, agent of the defendant city, was inherently dangerous conduct; and furthermore assuming that the city did fail to properly instruct and supervise him in the performance of his duties as a police officer under the circumstances, yet the established law of this State presently inhibits the imposition of liability upon the city.

 A municipality is not liable for the negligence of its officers in appointing incompetents for the police force or other positions even though known by the appointing officer to be incompetent. McQuillin, Municipal Corporations, 3rd Ed., Ch. 53, "Municipal Liability for Torts", § Tex. 225, 107 S.W.2d 872, 879 (1937); 40 53.78, "Duty as to employing 'competent' servants"; City of Dallas v. Smith, 130 Tex.Jur.2d, p. 303, "Municipal Corporations", § 618, "Exercise of governmental functions or duties". It follows that there would be like immunity for negligent retention of known incompetents and even though the incompetence was the result of the municipality's failure to remedy such by supervision and/or instruction.

 The fact that the city's agent, in the discharge of the governmental police function was guilty of acts and/or omissions which would constitute inherently dangerous conduct on his part would not alter the municipality's immunity under the rule applicable to governmental functions. In such instances the liability of the municipality, if any, would be premised upon the doctrine of *respondeat superior*. The theory is that the action of the agent is not acting merely for the municipality but for the State itself, even though the action be in an attempt to enforce a municipal ordinance rather than a statute. McQuillin, Municipal Corporations, 3rd Ed., Ch. 53, "Municipal Liability for Torts", § 53.79a, "(Police officers)—

Immunity"; 40 Tex.Jur.2d, p. 311, "Municipal Corporations", § 624, "Exercise of police power". There would be no distinction to be made whether the conduct in question be inherently dangerous or would constitute mere ordinary negligence.

 Regarding the physical equipment through the use of which an injury be sustained a different question is presented. Considered as a non-delegable duty on the part of the municipality to provide reasonably suitable and safe equipment to the police officer for use in the exercise of his duties, we have under consideration the question of negligence on the part of the defendant city as such, and not the question of its liability through propriety of an imposition thereof under the doctrine of *respondeat superior*. There is no doubt that but for the municipal immunity doctrine there would be a common law duty to provide reasonably suitable and safe equipment appropriate to the objective to be accomplished. But municipal immunity would persist except in instances where there is an obligation or penalty imposed upon the municipality by law or where its act or omission constituted a positive invasion of individual rights guaranteed by the Constitution. McQuillin, Municipal Corporations, 3rd Ed., Ch. 53, "Municipal Liability for Torts", § 53.08, "(Character and cause of injury)—Nonfeasance"; 40 Tex.Jur.2d, p. 310, "Municipal Corporations", § 623, "In general; Exercise of discretionary powers"; 63 C.J.S. p. 308, Municipal Corporations § 903, Police or Fire Stations, Apparatus, and Appliances, p. 308. As applied to the case under consideration there was no obligation or penalty imposed upon the municipality by law in regard to the care or duty as to the selection or equipping of any automobile to be used by police officers in the discharge of any police function. No question exists of any constitutionally inhibited invasion of the rights of any individual.

The parties devote considerable space to the proposition that the doctrine of governmental immunity is morally and judicially

wrong. It is suggested that this court should "do what is right and abrogate this harsh Doctrine in Texas". Such is not the province of an intermediate Court of Appeals.

There are some cross-assignments and cross-points of error presented for our consideration in the event we should sustain the point of error upon which the appeal is presented. Not having sustained such they are not considered.

Judgment is affirmed.