Fred Thomas COLEMAN, Appellant,

v.

BEAUMONT INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 7473.

Court of Civil Appeals of Texas, Beaumont.

May 24, 1973.

Rehearing Denied June 7, 1973.

David J. Nagle, Houston, for appellant.

James D. McNicholas, Beaumont, for appellee.

DIES, Chief Justice.

Fred Coleman, plaintiff below, brought suit against the Beaumont Independent School District alleging that on or about May 5, 1971, while doing work as a painter, he received personal injuries proximately caused by the negligence of the District. Defendant District filed a plea in abatement which was granted by the trial court who ordered that plaintiff take nothing. It is from this order that plaintiff perfects this appeal.

Plaintiff's two points of error are:

(1) "The Beaumont Independent School District is liable for damages for personal injuries caused by the negligence on the part of its employees acting in the course and scope of their duties for their employer."

(2) "At the time of, and under the circumstances of, his injuries, Appellant's employer, the Beaumont Independent School District, was engaged in activities not within governmental immunity. The doctrine of governmental immuni-

ty, if it applies at all, does not apply to these facts."

We overrule both of these points and affirm the trial court's order.

Plaintiff argues that "the rule of tort immunity for public school systems is unjust, invalid, unsupported by any current reasoning, and has no rightful place in modern society." There is much truth, we think, in this assertion but the fact remains that it was introduced in the Texas law in 1846—Hosner v. De Young, 1 Tex. 764 (1846)—and it has been consistently approved by our Supreme Court as late as 1972—City of Houston v. George, 479 S.W. 2d 257 (Tex.1972). See League v. De Young and Brown, 2 Tex. 497 (1847); Ex Parte Towles, 48 Tex. 413 (1877); Taylor v. Hall, 71 Tex. 206, 9 S.W. 148 (1888); Thomson v. Baker, 90 Tex. 163, 38 S.W. 21 (1896); Herring v. Houston Nat. Exch. Bank, 113 Tex. 264, 253 S.W. 813 (1923); State v. Isbell, 127 Tex. 399, 94 S.W.2d 423 (1936); Russell v. Edgewood Independent School District, 406 S.W.2d 249 (Tex.Civ. App., San Antonio, 1966, error ref. n. r. e.); and Treadaway v. Whitney Independent School Dist., 205 S.W.2d 97 (Tex.Civ. App., Waco, 1947, no writ).

It is, therefore, not proper for an intermediate appellate court such as this to repeal an entrenched doctrine approved by our highest court. Braun v. Trustees of Victoria Independent Sch. Dist., 114 S. W.2d 947, 949 (Tex.Civ.App., San Antonio, 1938, error ref.) holds: "There can be no question but that an independent school district is an agency of the state, and, while exercising governmental functions, is not answerable for its negligence in a suit sounding in tort."

In City of Houston v. George, supra, 479 S.W.2d at 259, it is written:

"If this court were prepared to reform the rule of liability of municipal corporations in this respect, we would be met by the Texas Tort Claims Act, Art.

6252–19, Vernon's Ann.Civ.St., as to injuries occurring after January 1, 1970. The 61st Texas Legislature thereby provided in Section 14(11) that the governmental liability allowed by the statute would not apply to a "claim based upon the theory of attractive nuisance.' Problems are presented as to the effect of this provision, but it probably preserved immunity against the claim of a trespassing child. This court does not choose to overrule the holding of Gotcher v. City of Farmersville, [137 Tex. 12, 151 S.W.2d 565 (1941)], for purposes of allowing recovery in this one case, which overruling would have to be done in the face of a contrary legislative determination controlling after adoption of the Texas Tort Claims Act."

See also 27 Tex.Law Rev. 337, "Governmental Immunity from Suit and Liability in Texas," (1949).

We believe that the point in time has probably arrived when the rule of governmental immunity ought to be done away with. While it is true, as plaintiff argues, that since it was court imposed, it can be court deposed, nevertheless there is good reason why it should be a function of the Legislature.

The 63rd Legislature is now in session and has before it House Bill No. 441, Section 9 of which would repeal § 19A of Art. 6252–19, Vernon's Ann.Civ.St., the Texas Tort Claims Act. Section 19A of the present Tort Claims Act reads: "The provisions of this Act shall not apply to school districts or to junior college districts except as to motor vehicles." (As amended by Acts 1971, 62nd Leg., p. 1743, ch. 509, § 1.)

■ Thus, the Legislature is now considering the abolition of the doctrine of governmental immunity of school districts and we are of the opinion that such is the proper forum for such reform.

If in this case the doctrine were abolished, its abolition would date back to May, 1971, when plaintiff was injured. At that time, every school district in Texas could rely on the doctrine as being the settled law of this state. Should they be given notice of its impending change, as they would in the legislative process, most of them no doubt would choose the protection of insurance.

■ As to plaintiff's second point that his maintenance work was proprietary and not governmental, the *Braun* case, supra, is dispositive. In that case, where the planting and maintaining of a ligustrum tree was held to be a governmental function, the court had this to say:

"When the employees of the Victoria Independent School District planted the ligustrum tree near and under the buttress on the left side of the front steps of the Mitchell School building and when they pruned and trimmed the tree they were engaged in a governmental function and had not turned aside from the main purpose of such school and become engaged in a proprietary function of local interest only. If we have schools, we must have school buildings and school grounds and it is nothing but natural that those conducting schools would like to beautify the school grounds by planting trees and shrubs and we are unwilling to hold that when they do so they have abandoned their main purpose of furthering education in the state." (114 S.W. 2d at 950.)

The *Braun* case was cited with approval by the Supreme Court in City of Houston v. George, supra, 479 S.W.2d at 259, as late as 1972. Its continued vitality must govern our action in this case.

Affirmed.