Honorable Gibson D. (Gib) Lewis Chairman House Committee on Intergovernmental Affairs State Capitol Austin, Texas
Re: Whether a regional transit authority established under article 1118x, V.T.C.S., is covered by the Tort Claims Act.
Dear Representative Lewis:
You have requested our opinion as to whether the Texas Tort Claims Act, article 6252-19, V.T.C.S., is applicable to a regional transit authority created pursuant to article 1118x, V.T.C.S. The Tort Claims Act applies to every `unit of government' in the state, section 3, but it is not applicable `to any proprietary function of a municipality.' Section 18(a). You ask whether a regional transit authority falls within the exception of section 18. Since it is our view that a regional transit authority does not exercise any proprietary function, we need not address the question of whether it may be deemed a `municipality' for purposes of article 6252-19.
It is clear that a regional transit authority created pursuant to article 1118x, defined as a `public body corporate and politic,' section 6(a), is a `unit of government' within the meaning of the Tort Claims Act. Section 6(a) of article 1118x provides that a duly created authority exercises
 public and essential governmental functions, [and has] all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this Act, including, but not limited to, the following . . .:
. . . .
 (e) . . . the power to acquire, construct, complete, develop, own, operate and maintain a [rapid transit] system or systems within boundaries. . . .
(Emphasis added). Under the language of the statute, then, the operation of a rapid transit system by an authority is described as a `governmental function.'
In City of Corsicana v. Wren, 317 S.W.2d 516 (Tex. 1958), the Supreme Court considered a statute containing a legislative declaration that a municipality's operation of an airport is a governmental function. The court held that, so long as
 the legislative classification as governmental (or nongovernmental) cannot be called arbitrary or clearly at variance with `well established and well defined' law on the subject, the classification ought to be respected by the courts.
317 S.W.2d at 520. We do not believe that the classification at issue here may be so labeled. See Imperial Production Corp. v. City of Sweetwater, 210 F.2d 917 (5th Cir. 1954); Braun v. Trustees of Victoria Independent School District, 114 S.W.2d 947,950 (Tex.Civ.App.-San Antonio 1938, writ ref'd); Garza v. Edinburg Consolidated School District, 576 S.W.2d 916
(Tex.Civ.App.-Corpus Christi 1979); Pontarelli Trust v. City of McAllen, 465 S.W.2d 804 (Tex.Civ.App.-Corpus Christi 1971, no writ). In our opinion, Wren compels the conclusion that the legislature is authorized to classify the powers of a regional transit authority as exclusively governmental. As a result, it is our view that the Tort Claims Act is applicable to a regional transit authority created pursuant to article 1118x.
 SUMMARY
The Texas Tort Claims Act, article 6252-19, V.T.C.S., is applicable to a regional transit authority created pursuant to article 1118x, V.T.C.S.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General