**Weldon BRAGG, Appellant,**

v.

**CITY OF DALLAS, Appellee.**

**No. 20299.**

Court of Civil Appeals of Texas, Dallas.

Aug. 6, 1980.

William C. Terry, Terry & Turner, Bonham, for appellant.

Patrick A. Teeling, Asst. City Atty., Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

Weldon Bragg sued the City of Dallas for damages to his airplane which occurred when he was moving it along a taxi–way at Dallas Love Field, a municipal airport. The City obtained a summary judgment on the ground of governmental immunity. We affirm.

The only summary–judgment proof offered by the City was an affidavit stating that Dallas Love Field is a municipal airport established and maintained under the provisions of article 46d–1 et seq., Tex.Rev. Civ.Stat.Ann. (Vernon 1969). Consequently, we accept the allegations in plaintiff's petition as stating all other facts material to this appeal.

Plaintiff alleged that he flew his aircraft to Love Field to attend a flight instructor's lecture, that he landed after dark, and that as he was taxiing to the building where the lecture was to be held he "ran over an 18 inch high steel angle iron which had been placed or installed 16 feet from the edge of the asphalt taxi–way along with a series of several other angle irons, all of which were unmarked and unlighted and, therefore, not visible." The petition avers that the City owed a duty to maintain the taxi–way in a reasonably safe condition for airplane traffic and that the action of city employees "in deliberately placing unlighted and unmarked 18 inch angle irons in and upon the taxi way constituted a dangerous physical obstruction which created a hazardous and unsafe condition and rendered the taxi–way unsafe for traffic over and upon same" and that such condition constituted a "nuisance in fact" and was the cause of damage to plaintiff's airplane. Alternatively, plaintiff alleges that the City was negligent in placing the angle irons in the taxi–way without proper lighting or marking.

In his first point plaintiff asserts that the immunity of the City for acts in furtherance of its governmental functions does not apply because the petition alleges that the City deliberately placed or maintained a dangerous physical obstruction rendering the taxi way unsafe for traffic. He relies on *Crow v. City of San Antonio*, 157

Tex. 250, 301 S.W.2d 628 (1957), and *City of Austin v. Daniels,* 160 Tex. 628, 335 S.W.2d 753 (1960), in both of which the supreme court held that even though the particular act causing the injury was done in the exercise of the governmental function of regulating traffic on the streets, the immunity did not apply.

As we read those opinions, they are based on the city's proprietary duty to maintain its streets in a safe condition for use by the public. No such proprietary duty is involved here. As the City points out, article 46d–15, Tex.Rev.Civ.Stat.Ann. (Vernon 1969), declares the maintenance and operation of municipal airports to be "governmental functions," and the supreme court has held that this provision is effective to negate any proprietary duty and, therefore, to establish governmental immunity to tort liability for damages resulting from the maintenance and operation of such airports. *City of Corsicana v. Wren,* 159 Tex. 202, 317 S.W.2d 516 (1958). Consequently, we hold that the allegations of the petition establish as a matter of law that the City has no liability for damages resulting from any unsafe condition of the taxi–way.

In his second point, plaintiff asserts that his petition alleges a nuisance, which is an exception to the rule of immunity for acts done in the exercise of a governmental function. The only case cited in support of this contention is *Gonzalez v. City of El Paso,* 316 S.W.2d 176 (Tex.Civ.App.–El Paso 1978, no writ). That case, however, supports the position of the City of Dallas here, since it denies liability of the city for an act of a policeman and states that "a negligence case cannot be converted into a nuisance merely by so pleading."

■ We have made our own search of the authorities to determine the scope of the claimed "nuisance" exception to the rule of municipal immunity to tort liability in connection with governmental functions. We find that the only exceptions to that immunity arise when the immunity is expressly waived, as by the Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19 (Vernon 1970) and by article I, section 17 of the Texas Constitution, which provides that no person's property shall be taken, damaged or destroyed for a public purpose without adequate compensation. *See Steele v. City of Houston,* 603 S.W.2d 786, 23 Tex.Sup. Ct.J. 507 (July 16, 1980). We find no other basis for a "nuisance" exception to the immunity rule. The constitutional exception has been applied to "nuisances" in the sense of maintenance of facilities or conditions on municipal property which interfere with the enjoyment of neighboring land, as by a sewage disposal plant or refuse dump which produces offensive odors. *City of Abilene v. Downs,* 367 S.W.2d 153, 158 (Tex.1963); *Brewster v. City of Forney,* 223 S.W. 175, 177 (Tex.Com.App.1920, judgmt adopted); *see City of Fort Worth v. Crawford,* 74 Tex. 404, 12 S.W. 52 (1889).

The "nuisance" exception has not been extended beyond invasions of the rights of neighboring landowners. Negligent maintenance on municipal land of a condition dangerous to persons on the land remains within the immunity. *City of Houston v. George,* 479 S.W.2d 257, 259 (Tex.1972); *Gotcher v. City of Farmersville,* 137 Tex. 12, 151 S.W. 565 (1941); *City of Texarkana v. Taylor,* 490 S.W.2d 191 (Tex.Civ.App.–Texarkana 1973, writ ref'd n. r. e.). Occasionally courts of civil appeals have applied the term "nuisance" to a dangerous condition negligently permitted by a city in the performance of its proprietary functions. *City of Houston v. Schilling,* 235 S.W.2d 929, 932 (Tex.Civ.App.–Galveston, 1950) *aff'd,* 150 Tex. 387, 240 S.W.2d 1010 (1951); *Kling v. City of Austin,* 62 S.W. 689, 690 (Tex.Civ. App.1933, no writ). The supreme court, however, seems to have been careful to avoid the term when speaking of a hazard to public use of the streets. *See Jezek v. City of Midland,* 605 S.W.2d 544, 23 Tex. Sup.Ct.J. 518 (1980); *City of Houston v. Schilling, supra.* In *Wiggins v. City of Fort Worth,* 299 S.W. 468, 472 (Tex.Civ. App.–Fort Worth 1927), *aff'd,* 5 S.W.2d 761 (Tex.Com.App.1928, judgmt adopted), the court of civil appeals held that negligent maintenance of an inadequate cage in a public zoo was a "nuisance" within the ex-

ception to the immunity rule, but the commission of appeals preferred to rest its recommendation of affirmance on the view that maintenance of the zoo was a proprietary function. *City of Fort Worth v. Wiggins*, 5 S.W.2d 761, 764 (Tex.Com.App.1928, judgmt adopted). Later, in *City of Houston v. George*, 479 S.W.2d 257, 258–59 (Tex. 1972), the supreme court refers to *Wiggins* as containing language which would apply the nuisance exception "where the effect of the danger or harmful condition does not extend beyond the bounds of the municipal property." Apparently, however, the supreme court considered this language as contrary to its own holding in *Gotcher v. City of Farmersville*, 137 Tex. 12, 151 S.W.2d 565 (1941). The supreme court went on to say:

> If an exception to governmental immunity is to be allowed in cases where the harm and danger occur on city premises, it seems preferable to avoid categorizing the condition of the land as a nuisance and to predicate liability upon the maintenance of the condition dangerous to human life and upon the failure of the city to give warning or reasonable protection to persons known to be exposed to a continuing hazard. There is much to commend such a rule, *but it is contrary to precedent in Texas.* [Emphasis added.]

Among the precedents cited and approved is *Braun v. Trustees of Victoria Ind. Sch. Dist.*, 114 S.W.2d 947 (Tex.Civ.App.–San Antonio 1938, writ ref'd), in which a child was alleged to have been injured on the school ground as a result of being pushed against a freshly–trimmed shrub, which was alleged to be a "hazard" and "nuisance" permitted by the school district. The court of civil appeals denied liability on the ground that there is no distinction between nuisance and negligence unless private property rights are involved. Similarly, in *Jones v. City of Dallas*, 451 S.W.2d 271, 272 (Tex.Civ.App.–Dallas 1970, writ ref'd n. r. e.) this court, in denying municipal liability for negligence of police officers, pointed out that negligence could not be converted into "nuisance" by pleading alone.

The most recent expression by the supreme court on the "nuisance" exception to the immunity rule is *Steele v. City of Houston*, 603 S.W.2d 786, 23 Tex.Sup.Ct.J. 507 (Tex., July 16, 1980), in which the court considered a petition alleging that plaintiff's residence had been destroyed by a fire which had been caused by efforts of law–enforcement officers to apprehend criminals who had taken refuge within it. The court alluded to "nuisance" as a ground of compensation under article I, section 17, but, preferred to consider the case as one concerning "destruction" of property under that section rather than "damage." In remanding the case for trial, the court pointed out that recovery could not be based on negligence, but only on an intentional destruction of property for a public purpose under authority of law or color of such authority.

■ In the light of these authorities we conclude that a condition on municipal land that is dangerous or hazardous to persons coming on the land is not a "nuisance" within the constitutionally–based "nuisance" exception to the rule of governmental immunity. A condition dangerous or hazardous to vehicles coming on the land is governed by the same rule, since accidental damage to property is not within article I, section 17. *Steele v. City of Houston, supra.* Consequently, we cannot reverse the summary judgment on this ground.

Plaintiff's third point asserts that the condition alleged is a "nuisance per se" within the provisions of article 46e–2(a), Tex.Rev.Civ.Stat.Ann. (Vernon 1969), a zoning statute which so characterizes certain hazards to safe operation of airports. Without deciding whether the provisions of this statute apply to conditions created by the city itself in maintaining and operating an airport, we hold that for the purpose of governmental immunity, it is immaterial whether the condition is characterized as a nuisance in fact or a nuisance *per se*. In either event, if it is a condition presenting a hazard or danger to persons or vehicles on municipal land, it does not fall within the

constitutional exception to the immunity rule for the reasons already stated. We find nothing in article 46e-2 indicating a legislative intent to waive the governmental immunity established for operation of municipal airports by article 46d--15, considered earlier in this opinion.

Affirmed.