Linda **BURKE**, Individually and as Next Friend of Matthew Peschel, a minor

v.

**AUSTIN INDEPENDENT SCHOOL DISTRICT, et al.**

Civ. No. A–86–CA–625.

United States District Court, W.D. Texas, Austin Division.

March 18, 1987.

---

Larry Watts, Watts & Company, P.C., Houston, Tex., for plaintiff.

James R. Raup, McGinnis, Lochridge & Kilgore, Austin, Tex., for defendants.

## ORDER

NOWLIN, District Judge.

Before the Court are Defendants' Motion to Dismiss and Plaintiff's Motion to Remand. This case was originally filed in state court; Defendants removed the case to this Court on November 20, 1986. On December 1, 1986 the Defendants filed their Motion to Dismiss, arguing that Plaintiff's complaint failed to state a claim upon which relief may be granted. The Plaintiff responded to the Motion to dismiss on December 19, 1986, by arguing that Plaintiff did not intend to and did not raise a federal claim in her complaint. She thus requested the Court to remand the case to state court. The response does not address any of the substantive legal arguments supporting dismissal, but rather only seeks remand of the case to state court. The Court, having considered the motions, as well as the responses thereto, in addition to all of the pleadings on file in this cause, is of the opinion that the Motion to Remand should be DENIED and the Motion to Dismiss should be GRANTED.

## I. INTRODUCTION

This is a suit to recover damages for personal injuries the Plaintiff's son suffered while in a woodwork class at Crockett High School in the Austin Independent School District. Plaintiff seeks to recover $1,000,000.00 from the woodwork instructor, the school principal, the school district, its present and former Trustees, and its Superintendent. Plaintiff argues that the Defendants' negligence and/or gross negligence states a claim for deprivation of Plaintiff's son's Fourteenth Amendment rights, and also provides her with a claim under the nuisance law of Texas.

## II. MOTION TO REMAND

■ The Defendants removed this case on December 1, 1986, arguing that this Court has jurisdiction over this case under 28 U.S.C. §§ 1331 and 1343(a)(4), and that the case was therefore removable pursuant to 28 U.S.C. § 1441. Plaintiff responds that she "did not allege a 1983 action in her original petition. No federal question existed to predicate jurisdiction upon this Court; she was correct in filing in state court." As Defendants rightly point out, Plaintiff's original petition contains the following allegations:

*Liability of Defendants*

A. Civil Rights:

Plaintiff would show that her son had protected property interest and liberty interest in his bodily integrity and in the rules and regulations of the Texas Education Agency.

B. Substantive Due Process:

1. Plaintiff would show that Matthew Peschel had acquired a liberty interest in his right to attend public education facilities free from improperly maintained, therefore danagerous [sic] equipment, and that said liberty interest is protectible under the Fourteenth Amendment to the Constitution of the United States.

2. Plaintiff would show that Matthew Peschel was denied that liberty interest in violation of his rights to substantive due process as secured to him by the Fourteenth Amendment to the Constitution of the United States, in that the State of Texas, pursuant to the Texas Education Code § 21.032, requires compulsory school attendance. The school failed to provide safe and properly maintained equipment for students' use and adequate classroom instruction and supervision. Said failure on the part of all Defendants was the proximate and producing cause of Matthew's injuries.

Plaintiff's Original Petition at 4–5. Technically speaking, Plaintiff is correct in her statement that she "did not allege a 1983 action," as she never invokes that statute in the petition. The petition clearly invokes, however, the Fourteenth Amendment to the United States Constitution, and argues that Plaintiff is entitled to recover damages against Defendants under the Fourteenth Amendment.

The applicable statute in this case, 28 U.S.C. § 1441(b) provides for the removal of actions "founded on a claim or right arising under the Constitution, treaties or laws of the United States." The criteria for deciding when a claim "arises under" federal law is well settled:

To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construc-

tion or effect, and defeated if they receive another.

*Gully v. First National Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936) (citations omitted). *See also In re Carter,* 618 F.2d 1093, 1100 (5th Cir.1980), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981); and *Coleman v. Louisville Pants Corporation,* 691 F.2d 762, 764–65 (5th Cir.1982). Without question, Plaintiff's petition falls within the scope of section 1441(b), as it clearly attempts to state a claim under the Fourteenth Amendment. The alleged Fourteenth Amendment rights set out in Plaintiff's petition are essential elements to Plaintiff's cause of action. Moreover, Plaintiff's claim depends upon the construction given to the Fourteenth Amendment. Thus, the Defendants' removal of the action to this Court was proper, and the Plaintiff's motion to remand will be Denied.

### III. MOTION TO DISMISS

The Plaintiff elected not to respond to the merits of the Defendants' Motion to Dismiss, and the Motion is therefore uncontested. Plaintiff's petition sets out two theories of relief: (1) the action under the Fourteenth Amendment discussed above; and (2) an action under the nuisance law of the State of Texas. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Reeves v. Guiffrida,* 756 F.2d 1141, 1143 (5th Cir.1985).

### A. *Federal Claim*

■ As noted above, the federal claim in Plaintiff's petition is a claim under the Fourteenth Amendment.[1] The Plaintiff objects that the Defendants removed this action, only to immediately seek dismissal for failure to state a claim. She aruges that "for Defendants to use the legal system of

---

1. Plaintiff contends in her Response to Defendants' Motion to Dismiss and Motion to Remand that she "did not allege a 1983 action in her original Petition. No federal question exist-

ed to predicate jurisdiction upon this Court...." Although this could be construed as a waiver of her federal claim, the Court will not treat it as such.

this country in such tortious manner to escape litigation of their actions is inexcusable and should not be tolerated." Plaintiff's objection is not well-founded. She has no one but herself to blame for this action having been removed. Had she not pleaded a claim under the Fourteenth Amendment the case would not be in this Court. Moreover, the clear law of the federal courts allows for the removal of an action presenting a federal question, followed by the subsequent dismissal of that action for failure to state a claim. This is because jurisdiction is determined from the face of the Plaintiff's pleadings, and the issue of whether a complaint states a claim goes to the merits of the case, and not to the jurisdiction of the court. *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1346–47 (5th Cir.1985).

■ The question this Court must therefore examine is whether Plaintiff has stated a claim upon which relief may be granted against Defendants under the Fourteenth Amendment. This question is easily answered. A little more than one year ago the Supreme Court concluded that

the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty or property.

*Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). *See also Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Moreover, although the Supreme Court has left open the question of whether gross negligence states a claim under the Fourteenth Amendment, *id.*, 106 S.Ct. at 667, n. 3, the Fifth Circuit has clearly stated that

One does not state a constitutional claim under section 1983 merely by alleging extraordinary negligence; one must allege 'the sort of abuse of government power that is necessary to raise an ordinary tort by a government agent to the

statute of a violation of the Constitution.' The complaint must allege state conduct which is 'sufficiently egregious as to be constitutionally' tortious.

*Rankin v. City of Wichita Falls, Texas*, 762 F.2d 444, 447 (5th Cir.1985), *citing Hull v. City of Duncanville*, 678 F.2d 582, 584 (5th Cir.1982). The Court in *Rankin* went to great lengths to make it clear that a claim under the Fourteenth Amendment must be directed at the "abuse of power made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 448. Applying those principles, the *Rankin* court found that the Plaintiff had failed to state a claim based upon the negligent and/or grossly negligent operation of a sewer treatment facility at which the Plaintiff's son was killed. In *Daniels* and *Davidson*, the Supreme Court also focused on the "abuse of power" element required by the Fourteenth Amendment. *See* 106 S.Ct. at 664–65 at 670.

It is clear from a reading of Plaintiff's petition that she cannot make a claim cognizable under the Fourteenth Amendment. Like the situation in *Rankin*, even if the Defendants' acts here were grossly negligent, there are no allegations that the Defendants abused the power given them as a result of their positions, or that the Defendants engaged in anything that could be labeled "egregious." Indeed, like the situation in *Rankin*, this case presents an ordinary negligence case that occurred on public property. As the Court in *Rankin* noted, these facts are insufficient to state a claim under the Fourteenth Amendment.

The Plaintiff's petition therefore fails to state a federal constitutional claim against the Defendants.

### B. *State Claim*[2]

■ Plaintiff also seeks relief under a nuisance theory:

---

2. Once the federal claims are dismissed, the Court maintains the discretion to decide whether or not to exercise jurisdiction over pendent state law claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *In re Carter*, 618 F.2d at 1104–1105. In this case, as will be

apparent from the following discussion, it would be a waste of judicial resources for the Court to dismiss the pendent state law claims without prejudice, only to force a state court to decide the clear question of whether the claims are available to the Plaintiff in this case.

Plaintiff would show that the maintenance of the woodshop premises was a nuisance to students enrolled therein and the families of those children insofar as those conditions deprived both students and their families from quietly enjoying their property interests. Said failure on the part of all Defendants was the proximate and producing cause of Plaintiff's son's injuries.

Plaintiff's Original Petition at 5. The apparent reason for Plaintiff's filing under a nuisance theory and not under a negligence theory is that an independent school district is totally immune from tort liability unless a motor vehicle is involved. TEX. CIV.PRAC. & REM.CODE § 101.051 (Vernons 1986). *Barr v. Bernhard*, 562 S.W.2d 844 (Tex.1978). It appears that the nuisance claim is an attempt to avoid the effect of § 101.051.

The courts of Texas have already resolved the issue presented by Plaintiff's nuisance claim, rejecting the type of claim presented by Plaintiff:

In passing upon the liability of an independent school district for personal injuries suffered by a pupil in attendance upon a free public school, no distinction can be made between nuisance and negligence. What is the difference in alleging that the agents of the school district were negligent in maintaining the ligustrum tree under all the circumstances and in alleging that under all the circumstances the ligustrum tree was a nuisance and that the agents of the school were negligent in maintaining and not abating the nuisance? The question of a nuisance becomes relevant when, by the maintenance of a nuisance, private property or property rights have been involved.

*Braun v. Trustees of Victoria Independent School District*, 114 S.W.2d 947, 950 (Tex.Civ.App.—San Antonio 1938, writ ref'd). Thus, in cases involving damage to adjoining private property, the courts have allowed recovery. *E.g., Stein v. Highland Park Independent School District*, 540 S.W.2d 551 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.). In personal injury cases brought under a nuisance theory,

however, recovery has not been allowed. *Braun*, 114 S.W.2d at 951.

Moreover, Texas law does not allow a Plaintiff to turn a negligence suit into a nuisance suit simply by alleging that the Defendants' negligent acts constituted a nuisance. *See Jones v. City of Dallas*, 451 S.W.2d 271, 274–75 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.) and cases cited at 275. In *Jones*, the Plaintiff was attempting to avoid the governmental immunity of a municipality by pleading a nuisance theory in a negligence case. The court held that such an effort would be unsuccessful. *Id.* at 275. Other courts have reached similar results in cases involving municipalities. *E.g., Bragg v. City of Dallas*, 605 S.W.2d 669 (Tex.Civ.App.—Dallas 1980, no writ).

Applying these principles to this case, it is clear that Plaintiff has no claim against the school district under a nuisance theory. Plaintiff's claim is that the school district failed to operate the woodshop in a manner comporting with due care, and such a claim cannot be converted into a nuisance claim. *Braun*, 114 S.W.2d at 950; *Jones*, 451 S.W.2d at 271. The immunity of the school district therefore insulates it from liability under a state law tort theory. *Braun*, 114 S.W.2d at 950; § 101.051.

The result is the same for the individual Defendants. TEX.EDUC.CODE ANN. § 21.912(b) (Vernon Supp.1987) provides for the immunity of public school personnel. The only exception to the immunity is in cases involving negligence or the use of excessive force in the disciplining of a student. *Id.* at (c); *see also Barr*, 562 S.W.2d at 849. The Supreme Court of Texas has recently reaffirmed this construction of section 21.912. *Hopkins v. Spring Independent School District*, 736 S.W.2d 617 (Tex.1987). Plaintiff's claim does not come within this exception, and the individual Defendants are immune from liability on this basis.

## IV. CONCLUSION

Because the face of the Plaintiff's complaint clearly states a claim "arising un-

der" the U.S. Constitution, it was properly removed to this Court. The Court will therefore DENY Plaintiff's Motion to Remand.

Taking all the allegations in Plaintiff's complaint as true, it is beyond doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Thus, Plaintiff's complaint fails to state a claim upon which relief can be granted under federal or state law. The Court must therefore GRANT the Defendants' Motion to Dismiss.

ACCORDINGLY, Plaintiff's Motion to Remand is DENIED, and Defendant's Motion to Dismiss is GRANTED and this case is hereby DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.